[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10340
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00388-SDM-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISMAEL MONTIEL-HERNANDEZ,
a.k.a. Rudy Hernandez-Solis,
a.k.a. Raul Hernandez-Lopez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 19, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Montiel-Hernandez appeals his sentence to two counts of

transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(i), and one count of illegal reentry after being deported, in violation of 8 U.S.C. § 1326(a).

On appeal, Montiel-Hernandez asserts that district courts in the Eleventh Circuit generally, and the Middle District of Florida specifically, impose above-guidelines sentences in immigration cases more frequently than district courts in other circuits that adjudicate more immigration cases. Based on his comparisons, he asserts that an immigration offender is "substantially more likely to receive an upward variance if he is apprehended in the Tampa Division of the Middle District of Florida than if he is found" in any other compared district. Montiel-Hernandez concludes his statistical analysis by submitting that the high percentage of above-guidelines sentences imposed by the Middle District of Florida renders the court's upward variance in his case an abuse of discretion.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).

When considering the difference between a particular sentence and sentences imposed for similar crimes, we are not persuaded by bare numbers without context. *United States v. Campbell*, 491 F.3d 1306, 1317 (11th Cir.

2

2007). In *Campbell*, we considered a challenge by the former mayor of Atlanta to his sentences for tax fraud. *Id.* at 1308-09. Rejecting Campbell's argument that "statistics . . . indicate that Campbell's sentences greatly exceed the average sentences imposed upon those convicted of tax crimes," we explained that "the statistics Campbell cites are bare numbers without context and, therefore, do not persuade us that his sentences are unreasonable." *Id.* at 1317.

As in *Campbell*, Montiel-Hernandez has submitted bare numbers without context, and thus has not shown that any statistical disparity between the district courts of the Eleventh Circuit and any other circuit is unwarranted. Accordingly, we refuse to rely on the bare statistics cited by Montiel-Hernandez, and conclude that the statistics do not show that his sentence was unreasonable.

Montiel-Hernandez next argues that his sentence was procedurally and substantively unreasonable. He maintains that his sentence was procedurally unreasonable because the guidelines range for transporting 25-99 illegal aliens reflected his previous transportation of illegal aliens, thus requiring the district court to explain why his already accounted-for recidivism warranted an upward variance. Substantively, Montiel-Hernandez argues that his 36-month sentence is unreasonable because the district court placed too much weight on the nature and circumstances of his offense by focusing almost exclusively on his transporting

3

illegal aliens on three occasions instead of focusing on his mitigating circumstances. Montiel-Hernandez also reiterates his claim that the guidelines range adequately reflected his recidivism, and contends that the district court's sentence was arbitrary in light of the Middle District of Florida's statistical disparities in sentencing.

When reviewing the reasonableness of a sentence, we will first ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court's justification for a variance from the guidelines range "must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009), *cert. denied*, 129 S. Ct. 2847 (2009) (internal quotation marks omitted). The Supreme Court has rejected the idea that a sentence outside of the guidelines range must have an extraordinary justification. *See id.* (citing *Gall*, 552 U.S. at 47, 128 S. Ct. at 595).

After reviewing the sentence for procedural reasonableness, we must consider whether the sentence imposed is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. These factors include, among other things: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need to deter criminal conduct; (5) the need to protect the public from further crimes committed by the defendant; and (6) the advisory guideline range. *See* 18 U.S.C. § 3553(a). Another relevant factor is the relationship between the defendant's sentence and the applicable statutory maximum. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (noting, as one indication of reasonableness, that a defendant's sentence was "well below" the applicable statutory maximum), *cert. denied*, 129 S. Ct. 2848 (2009).

We have "recognize[d] that there is a range of reasonable sentences from which the district court may choose." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "We will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment." *Gonzalez*, 550 F.3d at 1324. For instance, "a district court's

5

unjustified reliance upon any one § 3553(a) factor [may be] a symptom of an unreasonable sentence." *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (internal quotation marks omitted).

In determining a reasonable sentence, the district court may consider facts that have already been taken into account in calculating the defendant's guideline range. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence"); *United States v. Williams*, 526 F.3d 1312, 1323-24 (11th Cir. 2008) (concluding that a district court could consider defendant's prior offenses in deciding to impose an upward variance, even though those offenses were already included in the defendant's criminal history score). We have previously affirmed upward variances that were based in part on the defendant's prior criminal history. *See Shaw*, 560 F.3d at 1238-41 (affirming 83-month upward variance in a case where the defendant had 26 prior arrests).

In this case, we conclude from the record that the district court's sentence was procedurally reasonable. The court correctly calculated Montiel-Hernandez's guidelines range, treated the guidelines as advisory, based the sentence on

undisputed facts, addressed the § 3553(a) factors, and explained the reasons why it was imposing an upward variance. The district court's reasons for its variance were also thoroughly explained and were "compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *Shaw*, 560 F.3d at 1238 (internal quotation marks omitted).

We also conclude from the record that Montiel-Hernandez's sentence was also substantively reasonable in light of the circumstances and § 3553(a) factors. The district court exercised sound discretion and did not commit a clear error of judgment when it imposed a sentence reflecting Montiel-Hernandez's recidivism and the need for deterrence. *Gonzalez*, 550 F.3d at 1324.

Finally, we conclude that any statistical sentencing disparities between the Middle District of Florida and other district courts does not prove that Montiel-Hernandez's sentence was unreasonable for the same reasons as discussed above.

Therefore, we conclude that Montiel-Hernandez's sentence was procedurally and substantively reasonable, and we affirm his 36-month total sentence.

**AFFIRMED.**